# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CARLTON DUKE HAYES,                                                              PETITIONER
ADC #095426

v.                                        5:09-cv-00184-JLH-JJV

LARRY NORRIS, Director,
Arkansas Department of Correction                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any

1

documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 2) pursuant to 28 U.S.C. §2254 of Carlton Duke Hayes, an inmate in the custody of the Arkansas Department of Correction (ADC). Petitioner challenges his conviction of First Degree Murder stemming from events that took place on November 23, 2006.

## I. BACKGROUND

The parties offer varying facts. Respondent contends that on November 23, 2006, the victim, Merlin Hagen, was riding in a minivan with Tonya Brewer and Kenneth Trezvant. The three drove to a "juke joint," where Ms. Brewer intended to buy some drugs. When she arrived, she approached Hayes, who was leaving the club, to inquire about buying drugs from him. Hayes suggested that she get into his car and go around the corner. Ms. Brewer went to the van and told Trezvant and Hagen that she would be purchasing drugs from Petitioner and would be getting in his car. Hagen objected to Brewer's plans, and as she was getting into Petitioner's car, he opened the door and pulled her out. Hayes became angry at Hagen and the two proceeded to get into an altercation. Hayes "dared" Hagen to touch his car again, but Hagen walked back to the van, got inside, and shut the door.

Hays then got into his car, drove a short distance, stopped, and told Ms. Brewer to get out

2

of his car. He got out of his car and walked over to the van, all while concealing a gun by his right knee. Hays opened the van door, pulled Mr. Hagen out of the van, and fired six rounds at him, hitting him five times in the chest, abdomen, and back. Hagen attempted to flee, but fell to the ground and died from multiple gun shot wounds. Trezvant and Brewer attempted to leave but before doing so, Hays told them he needed them to stay as his witnesses and say that Hagen rushed and attempted to rob him. Both of them refused.

These facts are disputed by the Petitioner who alleges that he was acting in self-defense. He testified on his own behalf, stating that an unknown person wearing a hooded sweatshirt and cap pulled down over his eyes opened his passenger door and entered his car. Hayes states he got out of the vehicle, grabbing his .38 caliber revolver as he exited. He says the unknown individual grabbed him and they began fighting. Hayes fired his pistol, but could not remember how many times he fired. However, Hayes did admit the unknown individual did not have a gun. Hayes called a witness, Thomas Hinton, who claimed he witnessed a man attempting to enter Hayes's vehicle. Hayes exited his vehicle and while trying to flee, the unknown individual grabbed him.

## II. PROCEDURAL HISTORY

Petitioner was convicted by a Pulaski County jury of first degree murder and of using a firearm during the commission of that offense. He was given consecutive terms of 25 years and 10 years, respectively, in the ADC. He filed an appeal to the Arkansas Court of Appeals, contending the trial court erred in denying his motion for directed verdict because there was insufficient evidence to establish that he purposely caused the death of Merlin Hagen. He further argued the trial court erred in denying his motion for mistrial when the prosecution asked Mr. Trezvant if he was "afraid for [himself] being here" and he responded "yes." The prosecution then asked "[w]hat about your family? Your wife, your two little kids." To which Mr. Trezvant again answered "yes." The

3

Arkansas Court of Appeals affirmed the trial court's denial of both motions in an unpublished opinion. *Hayes v. State*, 2008 WL 2268324 (Ark. App. 2008).

On September 24, 2008, Hayes filed a *pro se* petition in Pulaski County Circuit Court for post-conviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. Petitioner alleged the same claims of ineffective assistance of counsel which he also asserts in the instant habeas action. The circuit court dismissed the Rule 37.1 petition as untimely. On October 7, 2008, Hayes filed an appeal of the dismissal to the Arkansas Supreme Court, in which he also sought to file an enlarged brief-in-chief. The Arkansas Supreme Court dismissed his petition as untimely and unverified. *Hayes v. State*, 2009 WL 1025996 (Ark. 2009).

Hayes subsequently filed his Petition for Writ of Habeas Corpus on June 23, 2009, advancing the following claims:

1. The trial court erred in denying Petitioner's motion for a directed verdict as there was insufficient evidence that Petitioner purposely caused the death of the victim;

2. The trial court erred in denying Petitioner's motion for a mistrial when the prosecuting attorney inquired as to whether one of the state's witnesses was afraid for his family as a result of his testimony;

3. Trial counsel was ineffective for failing to fully discuss the state's plea agreement offer and the ramification of going to trial;

4. Trial counsel was ineffective for failing to undertake pretrial investigation of the case;

5. Trial counsel was ineffective for failing to ask certain questions during voir dire;

6. Trial counsel was ineffective for failing to call expert witnesses;

7. Trial counsel was ineffective for failing to attack witness credibility during guilt phase of trial;

8. Trial counsel was ineffective for failing to investigate and present mitigating evidence during penalty phase of trial; and

9. Trial counsel was ineffective for failing to object to prosecution's closing statement.

## III. ANALYSIS

"In the interests of finality and federalism," federal habeas courts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Under the AEDPA, federal review of underlying state court decisions is limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than the [United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented" "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003).

5

In a federal habeas proceeding, a state court's factual findings are entitled to a presumption of correctness, absent procedural error. Those finding may be set aside "only if they are not fairly supported by the record." *Simmons v. Luebbers*, 299 F.3d 929, 942 (8th Cir. 2002) (quoting *Purkett v. Elem*, 514 U.S. 765, 769 (1995) and *Middleton v. Roper*, 455 F.3d 838, 845 (8th Cir. 2006)).

### A. Insufficient Evidence Claim

#### 1. Standard of Review

In determining whether there is sufficient evidence to support a conviction, the court's scope of review is "extremely limited." *Sera,* 400 F.3d at 543 (quoting *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003)). Whether or not the court believes the evidence at trial established guilt beyond a reasonable doubt is irrelevant. *Id*. Rather, under *Jackson v. Virginia,* the court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-319). In doing so, the court "must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state" and "must defer to that resolution." *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003). "This standard recognizes that it is the province of the fact-finder, not this court 'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Sera*, 400 F.3d at 543 (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-319)).

#### 2. Analysis

The Arkansas Court of Appeal's opinion on Petitioner's insufficient evidence claim is not contrary to federal law and its determination of the facts is not objectively unreasonable. When it reviewed Hayes's case, the Court of Appeals "considered only the evidence that support[ed the conviction without weighing it against other evidence that is favorable to the accused. *Hayes v.*

*States*, 2008 WL 2268324 *2 (Ark. App. 2008). When determining whether the evidence was substantial, the court evaluated whether it was "of sufficient force that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id*. (citing *Tillman v. State*, 364 Ark. 143 (2005)). The test applied by the state court, which is based on state law, does not contradict the reasoning or holding of the United States Supreme Court in *Jackson*, *supra*.

A person commits murder in the first degree if "with a purpose of causing the death of another person, the person causes the death of another person." ARK. CODE ANN. 5-10-102(a)(2) (Repl. 2006). "A person acts purposely with respect to his or her conduct or a result of his or her conduct when it is the person's conscious object to engage in conduct of that nature or to cause the result." ARK. CODE ANN. 5-2-202(1) (Repl. 2006). As the Respondent points out, "direct evidence of a defendant's mental state is frequently unavailable and the jury is 'entitled to scrutinize and make reasonable inferences from defendant's conduct and from all facts surrounding the incident in question.'" *United States v. Peters*, 462 F.3d 953, 957 (8th Cir. 2006) (citations omitted).

In considering the evidence in a light most favorable to the prosecution, this Court finds that any rational trier of fact could have found the essential elements of first-degree murder. With respect to the sufficiency of the evidence to convict Petitioner of first-degree murder, the Arkansas Court of Appeals found as follows:

> Appellant testified that he shot Mr. Hagan. There was no dispute that Mr. Hagen was unarmed. Ms. Brewer testified that appellant got out of his car, walked toward the van with a pistol in his hand, opened the van door, pulled Mr. Hagen out of the van, and started shooting him. Appellant fired six rounds at him, hitting him in the chest, abdomen, and back.
>
> The jury did not, and was not required to, believe the appellant's version of the events. This testimony was sufficient to support the verdict that appellant purposely caused the death of Mr. Hagan. Therefore, we affirm the trial court's denial of

appellant's motion for directed verdict.

*Hayes v. State*, 2008 WL 2268324 *2-3 (Ark. App. 2008).

Accordingly, Petitioner has failed to meet the requirements of 28 U.S.C. § 2254(d) by showing that the Arkansas Court of Appeals' adjudication of his claim that the evidence was insufficient to support his conviction is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Nor has Hayes demonstrated that the Arkansas Court of Appeals' decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. We have carefully reviewed the case, and the evidence amply supports the state court's ruling with regard to sufficiency of the evidence. There is no merit to the Petitioner's claim for relief.

    **B.    Mistrial Claim**

        **1.    Standard of Review**

"In a habeas proceeding, the standard of review for determining whether a prosecutor's improper question demands a mistrial is the 'narrow one of due process.'" *Alexander v. Armontrout*, 985 F.2d 976, 978 (8th Cir. 1993) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). In determining whether the exchange between the prosecutor and the witness should have resulted in a mistrial, this Court looks at "whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Clemons v. Luebbers*, 381 F.3d 744, 757 (8th Cir. 2004) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). Relief should only be granted "upon a showing of a reasonable probability that the outcome would have been different but for the improper statement." *Barnett v. Roper*, 541 F.3d 804, 812-13 (8th Cir. 2008) (stating that "the court should only grant habeas corpus relief if the state's closing argument was so inflammatory and so outrageous that any reasonable trial judge would have *sua sponte*

8

declared a mistrial").

## 2. Analysis

With respect to Petitioner's argument that the trial court erred in denying his motion for mistrial, the Arkansas Court of Appeals found as follows:

> Appellant's next point on appeal is that the trial court erred in denying his motion for mistrial. Specifically, during the presentation of the State's case, the prosecutor asked Mr. Trezvant if he was "afraid for [himself] being here." He replied that he was. The prosecutor then asked, "What about your family? Your wife, your two little kids?" Mr. Trezvant said, "yes." Appellant's counsel asked to approach the bench, where he moved for a mistrial or for an instruction for the jury to disregard the comments because they made it appear that appellant was dangerous or as if he had made threats to Mr. Trezvant. The court denied the motion for mistrial but agreed to tell the jury to disregard the comments. Appellant argues that the court's admonition to the jury was not sufficient to purge the prejudicial effect of the prosecutor's questions and that the only remedy was a mistrial.
>
> We note first that appellant requested the trial court either to grant a mistrial or to instruct the jury to disregard the comments. The trial court then instructed the jury to disregard the comments, as appellant asked. However, we hold that the trial court did not abuse its discretion in denying appellant's motion to grant a mistrial. While the prosecutor's questions about Mr. Trezvant's fear of being in court might have been prejudicial to appellant if the jurors believed he was afraid of appellant, there was no specific mention of what caused Mr. Trezvant to be fearful, and the trial court admonished the jury to disregard the comments in any case. Further, the jury had already heard testimony that appellant pulled the unarmed victim from a van and shot him five times. This could also have led jurors to believe appellant was a man to be feared. We find that these statements were not "so patently inflammatory that justice [could not] be served by continuing the trial." Therefore, we affirm.

*Hayes v. State*, 2008 WL 2268324 *3 (Ark. App. 2008).

The Arkansas Court of Appeals' opinion on Petitioner's mistrial claim is not contrary to federal law and its determination of the facts is not objectively unreasonable. When reviewing Petitioner's case, the Court of Appeals noted that "[a]n admonition to the jury usually cures a prejudicial statement unless the statement is so patently inflammatory that justice cannot be served by continuing the trial. The court did not err in finding that the statements "were not so patently

9

inflammatory that justice [could not] be served by continuing the trial." *Hayes v. State*, 2008 WL 2268324 *3 (Ark. App. 2008) (citing *Walker v. State*, 91 Ark. App. 300, 306 (2005)). The test applied by the state court, which is based on state law, does not contradict the reasoning or holding of the United States Supreme Court or present an unreasonable application of federal law.

Accordingly, neither the circuit court nor the Arkansas Court of Appeals erred in denying Petitioner's motion for a mistrial. In light of the curative instruction given by the court and the adverse testimony presented against Petitioner, we conclude the prosecutor's question and the witness's answer did not render Petitioner's trial fundamentally unfair as to deny him due process. There is no merit to Petitioner's claim for relief.

### C. Ineffective Assistance of Counsel Claims

A federal court is precluded from considering a habeas corpus claim that a "state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004); (citing *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002). This includes cases in which the state court judgment turns on an independent and adequate state procedural ground, such as a determination that a claim is procedurally defaulted. *Oxford v. Delo*, 59 F.3d 741, 744 (8th Cir. 1995); *Reagan*, 279 F.3d at 656. Where the state court dismisses a habeas petitioner's claims on independent and adequate state law grounds or the petitioner has failed to fairly present his claims to the state court, the claims are procedurally defaulted, and a federal district court cannot consider them unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged constitutional violation or actual innocence. *Coleman v. Thompson,* 501 U.S. 722, 744, 750-51 (1991); *Prewitt v. Goeke,* 978 F.2d 1073, 1077 (8th Cir. 1992); *Reagan,* 279 F.3d at 656. "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal

habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons*, 381 F.3d at 750.

The Arkansas Supreme Court disposed of Petitioner's claims of ineffective assistance of counsel on independent and adequate state procedural grounds when it dismissed Petitioner's case for untimeliness and lack of verification. That finding is binding upon this Court. Therefore, this Court is precluded from habeas review of Petitioner's procedurally defaulted claims unless he can demonstrate cause and prejudice or the actual innocence exceptions to the procedural default rule. *Coleman*, 501 U.S. at 750. The existence of cause "must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). At a minimum, a petitioner must show that something "external to [him], something that cannot be fairly attributed to him," caused the procedural default. *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir.1999) (quoting *Coleman v. Thompson*, 501 U.S. at 753).

Petitioner's only assertion of cause is his allegation that the clerk's office lost his Rule 37 petition, and, but for the clerk's office losing the petition, it would have timely been filed. However, this allegation does not form a basis for habeas corpus relief because "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." *Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997) (quoting *Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir. 1994)).

Petitioner argues he submitted a timely copy via his wife on July 15, 2008. (Doc. No. 18, p.1). However, he alleges his wife did not procure a file-marked copy. (*Id*.). Hayes states he later sought a file-marked copy of his Rule 37 petition from the clerk's office, but he was told it had been lost. (*Id*. at 2). He states the clerk's office failed to respond to his letter seeking a file-marked copy

and it was not until September 22, 2008, that his wife delivered a second Rule 37 petition. (*Id.*). However, this petition was denied as untimely. (*Id.*).

As stated in *Gee*, Petitioner's argument does not raise a constitutional issue cognizable in a § 2241 petition. This Court does not render a judgment of whether a "state court properly applied its default rule to the claim; federal courts do not sit to correct a state court's application of its procedural rules . . . except in unusual circumstances." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004). "It is not the province of a federal court to decide whether a matter ought to be considered procedurally defaulted under state law." *Murray v. Hvass*, 269 F.3d 896, 898 (8th Cir. 2001), *cert. denied*, 535 U.S. 935 (2002). The Arkansas Supreme Court found that Petitioner's Rule 37 petition was not timely and was not verified as required by Arkansas Rule of Criminal Procedure 37.1(c). While Petitioner places the blame on the Clerk's office for his untimeliness, the failure to file the petition can be fairly attributed to his wife. Because of Petitioner's untimeliness and his failure to follow the procedural rules, his petition was dismissed. He has failed to set forth any allegations that would cause this Court to review the state court's determination and therefore his argument is denied.

## III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1) Mr. Hayes' Petition (Doc. No. 2) be DISMISSED with prejudice and the relief requested be DENIED.

DATED this <u>4th</u> day of March, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE